IN THE FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Lizbeth Diaz, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| vs. | ) | FILE NO. _____ |
| David Anthony, and | ) | |
| Family Intervention Specialists, | ) | |
| Inc. | ) | |

## COMPLAINT

COMES NOW Lizbeth Diaz (hereinafter "Plaintiff"), by and through the

undersigned counsel of record, and hereby file this her Complaint against

Defendants David Anthony ("Mr. Anthony") and Family Intervention Specialists,

Inc. ("FIS") (FIS, and Mr. Anthony collectively hereinafter "Defendants")

respectfully showing as follows:

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and

all other authority, as Plaintiff brings her complaint under federal law, including

but not limited to the Civil Rights Act of 1964, Title VII at 42 U.S.C. § 2000e-2,

and regulations of the Equal Employment Opportunity Commission (EEOC)

including 29 CFR 1604.11(f) (1997).

2.

Defendant Family Intervention Specialists, Inc.is subject to the jurisdiction and venue of this Court as said Defendant has its registered office with the Georgia Secretary of State at 848 Hiram Acworth Highway, Hiram GA 30141 in Paulding County Georgia, and registered agent with the Georgia Secretary of State as David F. Anthony at 4016 Villa Lake Drive, Powder Springs GA 30127 in Cobb County Georgia where it may be served with papers in this action.

3.

Defendant David Anthony is subject to the jurisdiction and venue of this Court as Defendant resides and is domiciled at 4016 Villa Lake Drive, Powder Springs GA 30127 in Cobb County Georgia where he may be served with papers in this action.

4.

Additionally, Defendants have committed tortious acts described below in the State of Georgia, transacted business in the State of Georgia, committed tortious injuries in the State of Georgia and engaged in a persistent course of conduct and derive substantial revenue from services in the State of Georgia.

5.

Venue is proper pursuant to 28 U.S.C. § 90(a)(2).

## COUNT I: SEXUAL HARASSMENT

6.

Plaintiff was employed by FIS, which was owned by Mr. Anthony at all relevant times.  Mr. Anthony was Plaintiff's supervisor at FIS at all relevant times.

7.

Defendants FIS and Mr. Anthony have breached Plaintiff's rights under the Civil Rights Act of 1964, Title VII at 42 U.S.C. § 2000e-2, regulations of the Equal Employment Opportunity Commission (EEOC) including but not limited to 29 CFR 1604.11(f) (1997).

8.

At all relevant times, Defendant FIS had 15 or more employees.

9.

Defendant FIS failed to take all steps necessary to prevent sexual harassment from occurring, such as informing Plaintiff of her right to raise and how to raise the issue of harassment, and employing a mechanism to report and mitigate harassment.  Indeed, FIS employed no precautions against hostile environments, and promulgated no policies to ensure compliance with relevant law and regulations.

10.

Mr. Anthony was given unchecked authority over Plaintiff, and Plaintiff had no opportunity to present the issue of Mr. Anthony's wrongful conduct and harassment to anyone else at FIS.

11.

Defendant FIS failed to exercise reasonable care to prevent and correct promptly Mr. Anthony's sexually harassing behavior.

12.

FIS, together with Mr. Anthony in the scope of his employment, discriminated against Plaintiff based upon her gender.

13.

FIS, together with Mr. Anthony in the scope of his employment, discriminated against Plaintiff based upon her sexual orientation.

14.

FIS, together with Mr. Anthony in the scope of his employment, discriminated against Plaintiff, created a hostile work environment for Plaintiff.

15.

Mr. Anthony's misused his supervisory capacity over Plaintiff.

16.

Mr. Anthony made continued sexual advancements and sexual speech towards Plaintiff, which was offensive to Plaintiff and would be offensive to the reasonable woman.

17.

Mr. Anthony, in the scope of his employment, made requests for sexual favors from Plaintiff.  For example, Mr. Anthony had the telephone text message exchange with Plaintiff attached hereto as Exhibit "1" wherein Mr. Anthony requested sexual relations from Plaintiff, connected sexual relations with Plaintiff's employment, and made other offensive remarks.

18.

Mr. Anthony, in the scope of his employment, stated that submission to sexual conduct with him was a term or condition of Plaintiff's employment.

19.

Mr. Anthony, in the scope of his employment, used Plaintiff's rejection of his sexual advances and improper conduct as the basis for employment decisions affecting Plaintiff.

20.

Mr. Anthony's improper conduct had the purpose and effect of unreasonably interfering with Plaintiff's work performance.

21.

Mr. Anthony's improper conduct had the purpose and effect of creating an intimidating, hostile and offensive working environment.

22.

Mr. Anthony also made repeated sexual advances and imposed undue pressure upon multiple other women who worked for FIS under his supervision, and upon information and belief, multiple other women succumbed and engaged in sexual relations with Mr. Anthony.

23.

Mr. Anthony, in the scope of his employment, made unwelcome derogatory sexual comments to Plaintiff regarding her preferred same-sex orientation, including but not limited to comments about how lucky Plaintiff's partner is to have Plaintiff be "gay with her", comments about Plaintiff's body, and repeatedly asking Plaintiff to "come back to the other side" and have sex with him.

24.

Mr. Anthony, in the scope of his employment, persisted in his improper conduct despite Plaintiff making abundantly clear that she was rejecting his advances.

25.

Mr. Anthony, in the scope of his employment, forced Plaintiff to endure his improper conduct.

26.

Mr. Anthony and FIS retaliated and discriminated against Plaintiff by *inter alia* causing FIS not to pay Plaintiff, while continuing to cause FIS to pay other women who worked for FIS who, upon information and belief, were engaging in or had engaged in sexual relations with Mr. Anthony.

27.

FIS is vicariously liable for Mr. Anthony's conduct. See, e.g. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

28.

FIS acted unreasonably with regard to Mr. Anthony's wrongful conduct.

29.

Plaintiff acted reasonably with regard to Mr. Anthony's wrongful conduct, and satisfied her duty to use reasonable care to avoid or mitigate harm related to Defendant's wrongful conduct.  Plaintiff repeatedly made clear to Mr. Anthony, and FIS through Mr. Anthony, that Plaintiff rejected and was offended by this wrongful conduct.

30.

Plaintiff made a timely complaint to the EEOC and received clearance from the EEOC to institute this action.  This action is filed within 180 days of receiving said clearance.

31.

Plaintiff is entitled to recover monetary and other appropriate damages from Defendants FIS and Mr. Anthony resulting from Defendants' wrongful conduct.

32.

Defendants' acts and omissions showed willful misconduct, malice, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to consequences.

33.

Defendants acted with a specific intent to cause harm to Plaintiff.

34.

Punitive damages should be awarded against Defendant.

35.

Mr. Anthony's actions were performed in the furtherance of Defendant FIS's business, and Mr. Anthony was acting within the scope of Defendant FIS's business.  Defendant FIS is liable for the acts by Mr. Anthony under the doctrine of *respondeat superior*.

36.

Defendants acted in bad faith, have been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to an award of expenses of litigation, including reasonable attorneys' fees.

37.

All conditions precedent to the relief sought herein have been satisfied or waived.

## COUNT II: Intentional Infliction of Emotional Distress

38.

Defendants committed the tort of intentional infliction of emotional distress upon Plaintiff.

39.

Alternatively, Defendants committed the tort of negligent infliction of emotional distress upon Plaintiff.

40.

Defendants' acts and omissions described herein were intentional and reckless, and constituted extreme and outrageous conduct.  Alternatively, Defendants' acts and omissions described herein breached a duty not to engage in such conduct.

41.

Defendants' acts and omissions described herein have proximately caused Plaintiff extreme and severe emotional distress.

42.

Defendants' acts and omissions have proximately caused Plaintiff to suffer embarrassment, humiliation, anxiety, fear, anguish, pain, and damages in an amount to be determined by the enlightened conscience of an impartial jury.

43.

Plaintiff is entitled to recover monetary and other appropriate damages from Defendants resulting from the acts and omissions set forth in this Complaint.

44.

Defendants' acts and omissions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

45.

Defendants acted with a specific intent to cause harm to Plaintiff.

46.

Punitive damages should be awarded against Defendants.

47.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to an award of expenses of litigation, including reasonable attorneys' fees.

48.

All conditions precedent to the relief sought herein have been satisfied or waived.

WHEREFORE, Plaintiff prays:

(a)     that trial by a jury of twelve be had on all counts so triable;

(b)     that this Court render judgment in favor of Plaintiff and against
        Defendants;

(c)     that this Court award to Plaintiff damages in an amount to be
        determined by the enlightened conscience of an impartial jury;

(d)     that this Court tax all costs against Defendants;

(e)     that this Court award Plaintiff her attorneys' fees and litigation
        expenses; and

(f)     that this Court enter such other and further relief as is just and proper
        under the circumstances.

Respectfully submitted this 25th day of September, 2014

/s/ W. Anthony Collins, Jr.
W. Anthony Collins, Jr.
Ga. Bar No. 141712
Smith Collins, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA  30350
Phone: 404-806-7180
Fax: 404-437-6265
Email: Anthony@SmithCollinsllc.com
Attorney for Plaintiffs

/s/ James R. Fletcher II
James R. Fletcher II
Georgia Bar No. 232541
Fletcher Law Group
8565 Dunwoody Place
Building 15, Suite C
Atlanta, GA 30350
Phone: 678-245-6785
Fax: 888-413-3031
Email:
Jim@FletcherLawGroup.com
Attorney for Plaintiffs

These signatures are affixed to the Complaint in the case of Lizbeth Diaz v. David Anthony et al., Federal District Court for the Northern District of Georgia.



**‹ Messages   David;;Dr   Contact**

Let me know if you don't get the email. You feeling better now or do you need to have sex with me

What? Feeling better about what?

Your job the company

Okay

Is FIS paying for the training?

Yes my Puerto Rican fantasy

Exhibit "1"